

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC09093 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SHAVETTE BLACKMON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>ST LOUIS, MO 63103 | |
| Defendant/Respondent:<br>MISSOURI VETERANS COMMISION<br>Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>http://www.stlcitycircuitcourt.com/ | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MISSOURI VETERANS COMMISION
**Alias:**

PERSON IN CHARGE
10600 LEWIS AND CLARK BLVD
ST LOUIS, MO 63136

ST LOUIS COUNTY SHERIFF



COURT SEAL OF
CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

July 22, 2022                                     _Thomas Kloeppinger_
Date                                                         Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date)

(Seal)
My commission expires: _____   _____
                              Date                 Notary Public

EXHIBIT A

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-9215  1 of 1 (2222-CC09093)   Civil Procedure Fo... 54.13, and 54.20; 506.120 –

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*[Handwritten at top:] 22 Return c/s Jen Asst Charge Nurse*

*[Handwritten right side:] SB 8-21*

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC09093 |
|---|---|
| Plaintiff/Petitioner:<br>SHAVETTE BLACKMON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>ST LOUIS, MO 63103 |
| Defendant/Respondent:<br>MISSOURI VETERANS COMMISION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>http://www.stlcitycircuitcourt.com/ |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: MISSOURI VETERANS COMMISION
Alias: *[handwritten] (9) Weiser hm*

PERSON IN CHARGE
10600 LEWIS AND CLARK BLVD
ST LOUIS, MO 63136

ST LOUIS COUNTY SHERIFF

COURT SEAL OF
CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

July 22, 2022                                    *[signature] Thomas Kloeppinger*
_____                   _____
Date                                             Clerk

*[Stamp: ST. LOUIS COUNTY SHERIFF'S OFFICE 2022 AUG -2 PM 3:22 RECEIVED]*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to:
   *Jen* (name) *Asst. Charge Nurse* (title).
☐ other: _____
Served at *10600 Lewis & Clark Blvd. 63136* (address)
in *STL* (County/City of St. Louis), MO, on *8/5/22* (date) at *08:34* (time).

*R.C. Weiser*                                *[signature]*
Printed Name of Sheriff or Server             Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____    _____
                       Date            Notary Public

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-9215 1 of 1 (2222-CC09093)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF ST. LOUIS CITY
TWENTY-SECOND JUDICIAL DISTRICT, STATE OF MISSOURI

SHAVETTE BLACKMON, )
    Plaintiff, )
) Cause No.
vs. )
) Division No.
MISSOURI VETERAN'S COMMISSION, )
    a domestic corporation, ) ***JURY TRIAL DEMANDED***
)
**SERVE AT:** )
**Person In Charge** )
**Missouri Veteran's Commission** )
**10600 Lewis and Clark Blvd.** )
**St. Louis, Mo 63136** )
)
)
)
    Defendants. )

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through undersigned counsel, and in support of her Petition states:

### FACTS APPLICABLE TO ALL COUNTS

1. Plaintiff is a female who suffers from depression, which is a disability as that term is defined under the Americans with Disabilities Act (ADA) and which substantially impacts one or more of Plaintiff's daily life activities.

2. Plaintiff's son suffers from asthma, which is also a disability under the ADA and which substantially impacts one or more of Plaintiff's son's daily life activities, and of which Defendant was aware.

3. Defendant The Missouri Veteran's Commission ("Defendant"), is a domestic corporation, registered in Missouri and doing business in Missouri and in St. Louis County.

4. Plaintiff worked for Defendant for multiple years, until her termination on or

27. Defendant intentionally retaliated against Plaintiff for using FMLA leave by terminating her employment.

28. Defendant's behavior described herein was at all times taken not in good faith, and so Plaintiff is entitled to liquidated damages.

29. Defendant's behavior described herein is outrageous and extreme, and was taken with intentional or reckless disregard for Plaintiff's rights.

30. As a direct and proximate result of being discharged in violation of the Family Medical Leave Act, Plaintiff has been damaged in the following ways:

(a) she has lost and will lose wages, salary, and employment benefits, from January 28, 2020, potentially up to the date of trial;

(b) interest on the amount in subparagraph (a) above at the statutory rate;

(c) an additional amount as liquidated damages equal to the sum of the amounts in (a) and (b) above; and

(d) attorney's fees, expert fees and costs.

WHEREFORE Shavette Blackmon respectfully requests that this Court enter judgment in her favor and find that Missouri Veteran's Commission unlawfully terminated her in violation of the Family Medical Leave Act and interfered with her FMLA leave, and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

**COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY MISSOURI VETERANS COMMISSION**

31. Plaintiff restates and re-alleges each and every paragraph above and incorporates

them into Count II as set forth fully herein.

32. Defendant terminated Plaintiff because she reported sexual harassment.

33. Defendant knew or should have known of the illegal consideration of Plaintiff's engagement in protected activity when Plaintiff was terminated but failed to prevent the retaliation and in fact ratified the decision.

34. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under Title VII.

35. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, as a result of Defendant's illegal behavior described herein.

WHEREFORE, Plaintiff Shavette Blackmon prays for a trial by jury and for judgment against Defendant Missouri Veterans Commission, for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

### COUNT III: HOSTILE WORK ENVIRONMENT BASED ON SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY MISSOURI VETERANS COMMISSION

36. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count III as set forth fully herein.

37. Plaintiff experienced severe and pervasive sexual harassment during her employment.

38. Plaintiff reported the harassment, but despite her report, the sexual harassment continued.

39. Defendant therefore failed to prevent the sexual harassment that it knew was being committed against Plaintiff.

40. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under Title VII.

41. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, as a result of Defendant's illegal behavior described herein.

WHEREFORE, Plaintiff Shavette Blackmon prays for a trial by jury and for judgment against Defendant Missouri Veterans Commission, for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

## COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. SECTION 2000e-5, *ET SEQ* BY MISSOURI VETERANS COMMISSION

42. Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count IV as set forth fully herein.

43. Plaintiff and her children each suffer from disabilities.

44. Defendant knew of the disabilities.

45. Defendant terminated Plaintiff because of her disabilities and/or because of her association with her children who are disabled.

46. Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the ADA.

47. Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, as a result of Defendant's illegal behavior described herein.

WHEREFORE, Plaintiff Shavette Blackmon prays for a trial by jury and for judgment against Defendant Missouri Veterans Commission, for actual damages in a fair and reasonable sum over $25,000, and punitive damages, together with the maximum rate of interest allowed by law,

cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

Respectfully submitted,

LAW OFFICES OF DERALD L. GAB, P.C.

/s/Bret Kleefuss
Bret Kleefuss, #59175
bretcharles@yahoo.com
Attorney for Plaintiff
1708 Olive
St. Louis, Missouri 63103
Phone: (314) 367-4878
Fax:    (314) 678-3998

## Certificate of Service

The undersigned certifies that this Petition was filed on July 22, 2022, and will be served on Defendants according to Missouri law.

/s/Bret Kleefuss
Bret Kleefuss

around January 28, 2020.

5. During Plaintiff's employment, she utilized leave under the Family and Medical Leave Act (FMLA).

6. Plaintiff also informed Defendant of her disabilities.

7. Plaintiff's children also suffer from certain disabilities of which Defendant is aware and has utilized FMLA leave for their care as well.

8. Around 2014, Defendant terminated Plaintiff because of her disabilities and FMLA leave.

9. Plaintiff appealed the decision and was reinstated.

10. During Plaintiff's employment, her supervisor Taye routinely harassed Plaintiff in a sexual manner.

11. Specifically, he would touch Plaintiff without her authorization in a sexual manner.

12. He would make jokes of a sexual nature that Plaintiff found uncomfortable.

13. Those instances were severe and pervasive, occurring mostly during November 2019.

14. Plaintiff reported the behavior to Defendant.

15. During December 2019 and January 2020, Defendant intentionally interfered with Plaintiff's FMLA leave.

16. On January 28, 2020, Defendant terminated Plaintiff while she was out on medical leave.

17. Venue is appropriate because the events described in this Petition occurred in St. Louis County.

18. Plaintiff has filed a Charge of Discrimination, which is attached and incorporated

into this Petition as if fully set forth herein, and marked as Exhibit **"A."**

19. Plaintiff received her Right to Sue Letter from the EEOC, which is attached and incorporated into this Petition as if fully set forth herein, and is marked as Exhibit **"B."**

## COUNT I:
### WRONGFUL TERMINATION AND INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §§ 2611 *et seq.*

20. Plaintiff incorporates each and every preceding paragraph into this Count IV as if fully set forth herein.

21. Plaintiff seeks to recover damages under an Act of Congress which provides for the protection of persons who take family or medical leave, namely the Family Medical Leave Act.

22. Defendant is located in St. Louis County and does transact business in St. Louis County as Washington University in St. Louis. The claims set forth in this count arose in St. Louis County.

23. Plaintiff is an "eligible employee" within the definition of the Family Medical Leave Act. At the time of the conduct giving rise to her causes of action herein, Plaintiff had been employed: 1) for at least 12 months by Defendant, and 2) for at least 1,250 hours of service with Defendant during the previous 12-month period.

24. At the time of the conduct giving rise to the causes of action herein, Defendant qualified as an "employer" within the definition of the Family Medical Leave Act ("FMLA") because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius.

25. Plaintiff applied for FMLA leave pursuant to Defendant's policies, and received intermittent FMLA leave.

26. Defendant intentionally interfered with Plaintiff's use of her FMLA leave.

| | |
|---|---|
| **STATE OF MISSOURI** | ) |
| | )ss |
| **CITY OF ST. LOUIS** | ) |

    I, THOMAS KLOEPPINGER, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case

**PETITION FOR DAMAGES**

St. Louis City case number :2222-CC09093

    WITNESS my hand and SEAL of said Court this 17th day of August, 2022.

COURT SEAL O

Thomas Kloeppinger
Circuit Clerk

By: _____
Deputy Clerk